# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Linda S. Kindinger, | ) |
| Plaintiff, | ) Case No.: 2:14-cv-1734-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| Esurance Property and Casualty Insurance Company, | ) |
| Defendant. | ) |

Pending before the Court is the Motion for Dismissal or Summary Judgment, (ECF No. 11), filed by Defendant Esurance Property and Casualty Insurance Company. Plaintiff Linda Kindinger filed a Response in opposition, (ECF No. 14), to which Defendant replied, (ECF No. 15). For the reasons set forth herein, the Court will grant the Motion and enter summary judgment in Defendant's favor.

## I. BACKGROUND

This case arises out of Plaintiff's allegations that Defendant failed to pay benefits required under an uninsured motorist policy ("UIM policy").

Specifically, the Complaint states that Plaintiff suffered extensive injuries when she was rear-ended by a vehicle making an unsafe start at the intersection of Eastern Avenue and Silverado Ranch Boulevard in Las Vegas, Nevada on December 19, 2012. (Compl. ¶ 7, Ex. A to Pet. for Removal, ECF No. 1). On December 31, 2013, Plaintiff submitted a demand letter to Defendant, requesting payment of the full $250,000 UIM policy limit. (ECF No. 14-9). On January 28, 2014, Defendant requested that Plaintiff submit five years of medical records and undergo an independent medical examination so that Defendant could properly evaluate Plaintiff's claim. (ECF No. 14-12).

On April 10, 2014, Plaintiff's counsel submitted Plaintiff's medical records to Defendant, and enclosed a letter requesting the name of the physician who would be conducting the independent medical examination and stating that Defendant had until May 22, 2014, to respond to Plaintiff's policy-limit demand. (ECF No. 14-13).

On April 29, 2014, Defendant informed Plaintiff's counsel that it had arranged for a physician named Dr. Erkulvrawatr to evaluate Plaintiff on May 16, 2014. (Pl.'s Resp. 4:20-5:1, ECF No. 14).  On April 30, 2014, Plaintiff's counsel informed Defendant that, due to "scheduling issues," it was uncertain whether Plaintiff would be able to attend the medical examination on that date. (*Id.* at 5:1-3).  At that time, Plaintiff's counsel withdrew its demand that Defendant respond to Plaintiff's policy-limit demand by May 22, 2014. (ECF No. 14-14).

On May 15, May 28, June 17, and July 29, 2014, Defendant placed calls to Plaintiff's counsel and left messages requesting that Plaintiff's counsel call back to discuss rescheduling the medical examination. (Claim Notes pp. 17-20, Ex. D to Motion, ECF No. 11-1).[1]  Plaintiff's counsel declined to return these calls or make any attempt to contact Defendant to reschedule the medical examination. (Pl.'s Resp. 9:24-10:3).  Instead of responding to Defendant's repeated requests, Plaintiff filed this lawsuit in Clark County District Court on August 27, 2014. (Compl. p. 1).  Plaintiff's Complaint sets forth claims for: (1) breach of contract; (2) bad faith; and (3) violations of Section 686A.310(1)(e) of the Nevada Revised Statutes. (Compl. ¶¶ 6-33).  Based on these claims, Plaintiff seeks compensatory and punitive damages in excess of $10,000 for each of her claims as well as unspecified amounts in general damages and attorneys' fees. (Compl. pp. 8-9).

On October 20, 2014, Defendant removed the action to this Court. (Pet. For Removal, ECF No. 1).  Thereafter, Defendant filed the instant Motion, seeking summary judgment as to

---

[1] Defendant also sent a letter on July 29, 2014, in reference to its request that Plaintiff undergo an independent medical examination. (ECF No. 14-15).

all of Plaintiff's claims. (ECF No. 11).

## II. **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103-04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-

24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249-50.

**III.    DISCUSSION**

In the instant Motion, Defendant argues that the Court should enter summary judgment in its favor as to all of Plaintiff's claims. The Court will address each claim in turn.

**A.    Breach of Contract**

Defendant argues that Plaintiff's failure to comply with its requests for an independent medical examination constitutes a failure to satisfy a condition precedent to obtaining benefits

under her insurance policy. Indeed, the policy specifically provides that Defendant "ha[s] no duty to provide coverage under this policy if an insured fails to . . . submit, as often as [Defendant] reasonably require[s], to physical exams paid for by [Defendant] and conducted by doctors or medical providers [Defendant] select[s]." (Personal Auto Policy p. 23, Ex. B. to Motion, ECF No. 11-1).

It is well established that a plaintiff may not successfully claim that an insurer breached an insurance policy when the plaintiff has failed to satisfy a coverage condition established within the policy itself. *E.g.*, *Joseph v. Hartford Fire Ins. Co.*, No. 2:12-cv-798-JCM-CWH, 2014 WL 4829061, at *3 (D. Nev. Sept. 30, 2014); *Keys v. State Farm Mut. Auto. Ins. Co.*, No. 2:12-cv-1181-JCM-PAL, 2013 WL 3198397, at *3 (D. Nev. June 21, 2013); *see also Las Vegas Metro. Police Dep't v. Coregis Ins. Co.*, 256 P.3d 958, 962 (Nev. 2011) ("When an insurance policy explicitly makes compliance with a term in the policy a condition precedent to coverage, the insured has the burden of establishing that it complied with that term.").

In fact, another court in this district has specifically held that an insured who failed to submit to an independent medical examination, as required by her policy, was precluded from asserting a claim that her insurer breached the policy agreement. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, No. 2:07-cv-0060-KJD-LRL, 2009 WL 2197370, at *7 (D. Nev. July 23, 2009) (citing, *inter alia*, *Las Vegas Star Taxi, Inc. v. St. Paul Fire & Marine Ins. Co.*, 714 P.2d 562, 562-63 (Nev. 1986)) .

In this case, Plaintiff does not dispute that she was required to submit to an independent medical examination in order to receive coverage under her UIM policy. Plaintiff also does not dispute that she did not attend the medical examination scheduled on May 16, 2014, or that she failed to respond to Defendant's numerous attempts to reschedule the medical examination. Therefore, just as the breach of contract claims in *Joseph*, *Schwartz*, and *Keys* failed as a matter of law because the plaintiffs did not satisfy conditions precedent within their insurance policies,

Plaintiff's breach of contract claim fails because she did not submit to an independent medical examination as required by her policy with Defendant.

### B. Bad Faith

Pursuant to Nevada law, in order to prevail on a bad faith claim against an insurer, an insured must show that (1) the insurer denied (or refused to pay) the insured's claim (2) without any reasonable basis and that (3) the insurer had knowledge or awareness of the lack of any reasonable basis to deny coverage, or the insurer acted with reckless disregard as to the unreasonableness of the denial. *Pioneer Chlor Alkali Co. v. National Union Fire Ins. Co.*, 863 F. Supp. 1237, 1247 (D. Nev. 1994).

In the instant case, it is undisputed that Defendant never actually denied the claim or refused to pay Plaintiff. Defendant repeatedly attempted to schedule an independent medical examination in order to properly assess the severity of Plaintiff's alleged injuries. However, Plaintiff's counsel refused to return Defendant's calls or make any attempt to schedule the examination. As a result, no medical examination was conducted before Plaintiff filed the instant case. Therefore, Plaintiff's bad faith claim fails as a matter of law because Plaintiff has failed to show that Defendant denied or refused to pay her claim.

### C. Violations of Nev. Rev. Stat. § 686A.310(1)(e)

The Nevada Unfair Claims Practices Act, codified at Section 686A.310 of the Nevada Revised Statutes, lists sixteen activities which constitute unfair practices in the insurance context. In particular, Nev. Rev. Stat. § 686A.310(1)(e) prohibits an insurer from "[f]ailing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear."

In this case, Plaintiff has failed to provide evidence demonstrating that Defendant failed to comply with the requirements of § 686A.310(1)(e). Quite the contrary, the evidence on the record demonstrates that Defendant promptly responded to Plaintiff's communications and

repeatedly attempted to schedule an independent medical examination to determine whether it was liable for Plaintiff's alleged injuries. (Claim Notes, Ex. D to Motion, ECF No. 11-1). Accordingly, the Court finds that Plaintiff has failed to raise a genuine issue of material fact to support her assertion that Defendant violated Nev. Rev. Stat. § 686A.310(1)(e), and accordingly, the Court will grant summary judgment in Defendant's favor as to this claim.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Dismissal or Summary Judgment, (ECF No. 11), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Emergency Motion to Compel, (ECF No. 20), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that judgment be entered in Defendant's favor as to all of Plaintiff's claims.  The Clerk is instructed to close the case.

**DATED** this 13th day of May, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court