# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Linda S. Kindinger, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:14-cv-1734-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| Esurance Property and Casualty Insurance ) | |
| Company, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is the Motion for Clarification, (ECF No. 28), filed by Plaintiff Linda Kindinger, to which Defendant Esurance Property and Casualty Insurance Company responded in opposition, (ECF No. 29).

On May 13, 2015, upon granting Defendant's Motion for Summary Judgment, (ECF No. 11), the Court ordered that judgment be entered in Defendant's favor as to all of Plaintiff's claims for relief, (Order 7:11-12, ECF No. 25). In the instant Motion, Plaintiff requests that the Court issue a ruling clarifying whether Plaintiff may bring another underinsured motorist claim against Defendant in the future.

The Judgment issued in this case, (ECF No. 26), serves as a final decision on the merits regarding the claims raised in this action. *See, e.g.*, *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005). Pursuant to Article III of the Constitution, federal courts "may adjudicate only actual cases or controversies," and may not issue advisory opinions regarding claims that have not yet materialized. *E.g., Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) (citing U.S. Const. art. III, § 2, cl.1). Because Plaintiff's Motion requests that the Court speculate as to the merits of hypothetical claims that have not yet been raised, it must be denied.

///

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Clarification, (ECF No. 28), is **DENIED**.

**DATED** this 28th day of August, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court